J-S13040-19

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
          Appellee :
:
          v. :
:
RUSSELL LEE ELLIS, :
:
          Appellant : No. 1387 WDA 2018

Appeal from the PCRA Order Entered August 27, 2018
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002327-2013

BEFORE: BENDER, P.J.E., OTT, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: FILED MAY 21, 2019

Russell Lee Ellis (Appellant) appeals from the August 27, 2018 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

Appellant filed the instant PCRA petition on May 23, 2018 (2018 PCRA Petition), claiming his sentence was illegal and Attorney Hathaway provided ineffective assistance of counsel during Appellant's 2014 PCRA Petition because he failed to raise the illegal sentencing claim. Appellant asserted his petition was timely filed pursuant to 42 Pa.C.S. § 9545(b)(1)(ii), which provides that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due

_____

* Retired Senior Judge assigned to the Superior Court.

diligence[,]" based upon Appellant's discovery of the Alleyne[1] decision while incarcerated. Pro se PCRA Petition, 5/23/2018, at 7. The PCRA court issued notice of its intent to dismiss Appellant's petition as time-barred on July 31, 2018. Appellant filed a response. The PCRA court dismissed the petition on August 27, 2018.

Appellant pro se timely filed a notice of appeal.[2] On appeal, Appellant argues that the PCRA court erred in denying the 2018 PCRA Petition as untimely filed and further claims that his sentence is illegal pursuant to Alleyne and his prior attorneys were ineffective for failing to raise this issue. Appellant's Brief at 9.

Alleyne claims implicate the legality of sentence, and therefore are always subject to review under the PCRA as long as the petition is timely filed. Commonwealth v. DiMatteo, 177 A.3d 182, 192 (Pa. 2018) (citation omitted). See also Commonwealth v. Miller, 102 A.3d 988, 995 (Pa. Super. 2014) (citations omitted) (noting that while this Court may consider an illegal sentencing issue sua sponte, "there must be a basis for our jurisdiction to engage in such review"). Thus, before reaching the merits of Appellant's claims, we must first consider whether Appellant has timely

---

[1] Alleyne v. United States, 570 U.S. 99 (2013) (holding that any fact which increases the mandatory minimum sentence for a crime is an element of that crime, and therefore must be submitted to a jury and proven beyond a reasonable doubt).

[2] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

filed his petition, as neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition. Commonwealth v. Leggett, 16 A.3d 1144, 1145 (Pa. Super. 2011).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2) (effective 1995-2018).[3]

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Here, Appellant was sentenced on April 28, 2014. Because Appellant did not file a post-sentence motion or direct appeal, his judgment of sentence became final on May 28, 2014. See 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903. Accordingly, Appellant had until May 28, 2015, to file a timely PCRA petition. Thus, Appellant's 2018 PCRA Petition, filed on May 23, 2018, was patently untimely.

---

[3] This subsection was recently amended, effective December 24, 2018, to extend the time for filing from 60 days of the date the claim could have been presented to one year. However, this amendment does not apply to Appellant's PCRA petition because it was filed prior to the amendment's effective date.

However, even if we were to consider the 2018 PCRA Petition as being filed in 2016 as the PCRA court attempted to do, see Order, 4/2/2018 (backdating new PCRA petition to April 15, 2016), Appellant's petition still was untimely filed, and Appellant had the burden of pleading and proving an exception to the time-bar. 42 Pa.C.S. § 9545(b)(1).

In the 2018 PCRA Petition, Appellant attempted to invoke the newly-discovered facts exception to the PCRA's time-bar. To qualify for this exception, "a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." Commonwealth v. Burton, 158 A.3d 618, 629 (Pa. 2017) (some citations omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." Commonwealth v. Monaco, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted).

Appellant's alleged "newly-discovered fact" is his learning while incarcerated about the United States Supreme Court's decision in Alleyne. However, our Supreme Court has held that "subsequent decisional law does not amount to a new 'fact' under [sub]section 9545(b)(1)(ii) of the PCRA." Commonwealth v. Watts, 23 A.3d 980, 987 (Pa. 2011). Even if Appellant could rely on Alleyne as a basis for a timeliness exception, he was required to file his petition within 60 days of Alleyne's issuance. See

Commonwealth v. Brandon, 51 A.3d 231, 235 (Pa. Super. 2012) (citation and quotation marks omitted) (observing that the 60-day "period begins to run upon the date of the underlying judicial decision"). Alleyne was decided on June 17, 2013, several years before either 2016 or 2018.

Based on the foregoing, we conclude that Appellant's 2018 PCRA Petition was filed untimely, and he has not asserted a valid exception to the timeliness requirements. Thus, he is not entitled to relief. See Commonwealth v. Albrecht, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/21/2019